UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONTAY McMANN,

        Petitioner,                                    Hon. Richard Alan Enslen

v.                                                       Case No. 1:02-CV-403

GREG McQUIGGIN, et al.,

        Respondent.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Petitioner's <u>Motion for Preliminary Injunction</u>. (Dkt. #66). In accordance with 28 U.S.C. § 636(b), the undersigned recommends that Petitioner's motion be **denied**.

On December 4, 2006, Petitioner entered into an MDOC-approved legal assistance agreement with fellow inmate Steven Mikko. Ten days later, however, MDOC Director Patricia Caruso authored a memorandum which provides as follows:

> Over the years, concerns have been raised regarding the inappropriate use of legal assistance agreements by prisoners. These concerns include but are not limited to prisoners charging for their legal services; entering into legal assistance agreements to receive joint law library call-outs in order to socialize with other prisoners with whom they have a personal relationship, to pass contraband, to meet with other prisoners with whom they would otherwise be prohibited from associating, or for other non-legitimate reasons; passing contraband in legal paperwork; refusing to complete legal work or refusing to return it to the prisoner receiving assistance; and forging legal assistance agreements.
>
> After a careful evaluation of this continuing problem, I have determined that this conduct poses a threat to the custody and security of our institutions; therefore, prisoners shall no longer be allowed to enter into

>legal assistance agreements. Legal assistance will continue to be provided to eligible prisoners through the Legal Writers Program. In addition, prisoners shall continue to have access to law libraries for legal research as set forth in PD 05.03.115 "Law Libraries".
>
>Prisoners who currently have an approved legal assistance agreement shall be permitted to continue to provide and receive assistance under that legal assistance agreement until the agreement expires (i.e., one year after approval) unless terminated by staff pursuant to PD 05.03.116; however, the legal assistance agreements shall not be renewed. All other terms and conditions of legal assistance agreements set forth in PD 05.03.116 remain in effect for the duration of the agreement.

(Dkt. #67, Exhibit 4).

Petitioner's legal assistance agreement with Mr. Mikko is scheduled to expire on December 4, 2007, however, pursuant to the terms of the MDOC's new policy, Petitioner will not be able to renew this agreement. Asserting that the MDOC's new policy violates his First Amendment right to access the courts, Petitioner requests that the Court enter an injunction preventing the implementation of the MDOC's new policy.

To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted); *see also*, *Wilson v. Wilkinson*, 2002 WL 123580 at *1 (6th Cir., Jan. 28, 2002) (applying this standard to the evaluation of a motion for temporary restraining order). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000) (citations omitted).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are alone determinative of the matter, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

It is well established that prisoners possess a constitutional right to access the courts. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). However, to establish a violation of this right, the prisoner must establish that "he suffered an actual litigation related injury or legal prejudice because of the actions of the defendants." *Thomas v. Rochell*, 47 Fed. Appx. 315, 317 (6th Cir., Sep. 18, 2002) (citing *Lewis*, 518 U.S. at 349-51).

It is also well established that "prison officials may prohibit or limit jailhouse lawyering unless doing so interferes with an inmate's ability to present his grievances to a court." *Thaddeus-X*, 175 F.3d at 395; *see also*, *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985) ("prison regulations which reasonably limit the times, places, and manner in which inmates may engage in legal research and preparation of legal papers" is acceptable "so long as the regulations do not frustrate access to the courts"); *Riley v. Kurtz*, 2006 WL 839147 at *4 (W.D. Mich., Mar. 30, 2006) (inmates may obtain legal assistance from other inmates "subject to legitimate penological restrictions"). In this respect, the Court finds that there exists a legitimate penological purpose for discontinuing the legal assistance program.

While Petitioner may *prefer* to continue receiving assistance from Mr. Mikko, Petitioner has presented no evidence that his ability to prosecute this matter will be unconstitutionally impaired

should he no longer receive assistance from Mr. Mikko. Moreover, as the memorandum quoted above makes clear, inmates can still participate in the Legal Writers Program. While Petitioner claims that he "does not qualify" to participate in the Legal Writers Program, he has submitted no evidence that he has ever applied to participate in this program or that any such application was denied.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that Petitioner is not likely to prevail on the merits of his access to the courts claim. Moreover, Petitioner has presented no evidence that he will suffer irreparable injury in the absence of injunctive relief. The remaining two factors likewise do not weigh in Petitioner's favor. Accordingly, the undersigned recommends that Petitioner's Motion for Preliminary Injunction, (dkt. #66), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: August 6, 2007      /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge