UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONTAY N. McMANN,                                        Case No. 1:02-CV-403

      Petitioner,                                                  Hon. Richard Alan Enslen

v.

GREG McQUIGGEN,
                                                   **ORDER**

      Respondent.
_____/

      This matter is before the Court on Petitioner Dontay N. McMann's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of August 6, 2007, which recommended that Petitioner's Motion for Preliminary Injunction be denied. The Court now reviews the Report, Objections, and pertinent portions of the record *de novo* pursuant to 28 U.S.C. § 636(b). The Court reads Petitioner's *pro se* Motion indulgently. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). For the reasons set forth below and in the Report, the Court finds Petitioner's Objections to be without merit.

      Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court must dismiss prisoner actions that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(C). To obtain injunctive relief, a plaintiff must show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the Court must examine the factors set forth in *Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Petitioner's claim arises from Michigan Department of Corrections Director Patricia Caruso's Office Memorandum 2006-14 ("DOM 2006-14"), promulgated on December 14, 2006. (Dkt. No. 67, Ex. 4.) DOM 2006-14 provides that "prisoners shall no longer be allowed to enter into legal assistance agreements," but "[l]egal assistance will continue to be provided to eligible prisoners through the Legal Writer Program" as well as through prison law libraries. (*Id.*) DOM 2006-14 was promulgated in response to the abuse of legal assistance agreements, which Director Caruso determined pose custody and security threats. (*Id.*) While DOM 2006-14 did not terminate legal assistance agreements currently in effect, it indicated that no legal assistance agreements will be renewed. (*Id.*) Petitioner entered into his legal assistance agreement on December 4, 2006. It expires one year after approval.

Petitioner first argues that there is not a legitimate penological purpose for discontinuing legal assistance agreements. The right to access the courts may be limited by legitimate penological goals, such as maintaining security or preventing safety hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975, at *1 (6th Cir. Mar. 26, 1992). Petitioner's reliance on *Johnson v. Avery*, 393 U.S. 483 (1969), is misplaced. *Avery* held that "unless and until the State provides some reasonable *alternative* to assist inmates in the preparation of petitions for post-conviction relief, it may not validly enforce a regulation such as . . . barring inmates from furnishing such assistance to other prisoners." *Id.* at 490 (emphasis added). The Report correctly noted that Petitioner's "alternatives" to a legal assistance agreement include the Legal Writer Program and using the prison law library.

Petitioner next argues that he will be denied access to the courts and will be irreparably injured if he can no longer participate in a legal assistance agreement. To state a claim for interference with access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518

U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). "[P]rison regulations which reasonably limit the times, places, and manner in which inmates may engage in legal research and preparation of legal papers" is acceptable "so long as the regulations do not frustrate access to the courts." *Walker v. Mintez*, 771 F.2d 920, 932 (6th Cir. 1985). Petitioner claims that prisoners, such as himself, are ineligible for the Legal Writer Program if they are in general population and have earned either a high school diploma or a General Educational Development ("GED") credential. Nevertheless, Petitioner fails to recognize that he retains access to the prison law library. This is the "alternative" envisioned by *Avery*. *See Avery*, 393 U.S. at 490. The Report appropriately concluded that Petitioner has not demonstrated that DOM 2006-14 frustrates his access to the courts. *See Mitchell v. Caruso*, 2007 WL 837196, at *2–3 (W.D. Mich. 2007) (finding that DOM 2006-14 does not frustrate a prisoners's access to the courts).

For the reasons given here and in the Report, the Court discerns no good faith basis for an appeal and will so certify pursuant to 28 U.S.C. § 1915(a). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Dontay N. McMann's Objections (Dkt. No. 78) are **DENIED**, the Report and Recommendation (Dkt. No. 73) is **ADOPTED**, Petitioner's Motion for Preliminary Injunction (Dkt. No. 66) is **DENIED**, and the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal would not be taken in good faith.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    October 5, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |