UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DONTAY MCMANN,
                    Petitioner,

                                                    No. 1:02-cv-403

-v-
                                                    HONORABLE PAUL L. MALONEY

GREG MCQUIGGIN,
                    Respondent.


ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

        Dontay McMann, a prisoner under the control of the Michigan Department of Corrections

(MDOC), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  The magistrate judge

issued a report recommending the petition be denied.  (Dkt. No. 93.)  McMann (Petitioner) filed

objections.  (Dkt. No. 108.)

STANDARD OF REVIEW

        After being served with a report and recommendation (R&R) issued by a magistrate judge,

a party has ten days to file written objections to the proposed findings and recommendations.[1]  28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  A district court judge reviews *de novo* the portions of the

R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Only those

objections that are specific are entitled to a *de novo* review under the statute.  *Mira v. Marshall*, 806

F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo*

review where the objections are frivolous, conclusive or too general because the burden is on the

parties to "pinpoint those portions of the magistrate's report that the district court must specifically

---

[1]The rule has since been amended to allow parties 14 days to file written objections.
Petitioner sought, and was granted, several extensions of time to file objections.  The objections
were timely filed.

consider"). The United States Supreme Court has held that the statute does not "positively require[]" some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

ANALYSIS

The evidence alleged against Petitioner at trial, his convictions by a jury, and appellate history are accurately summarized in the report and recommendation.

A. Sufficiency of the Evidence (Objection 5[2])

Petitioner alleges the evidence presented at trial was not sufficient to convict him of conspiracy to commit armed robbery or second degree murder. The magistrate judge concludes the evidence presented, when viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to find Petitioner guilty beyond a reasonable doubt. The magistrate judge accurately summarized Michigan law on the two crimes. Petitioner has not objected to the magistrate's summary of the law. The magistrate judge identified specific witnesses who provided testimony supporting the conspiracy charge. The magistrate judge pointed to portions of the Michigan Court of Appeals opinion, on Petitioner's direct appeal, summarizing the evidence supporting the second degree murder charge. In his objection, Petitioner simply states "[r]eview of the record, minus the evidence that was unconstitutionally admitted, reveals that each essential element of offenses is not proven beyond a reasonable doubt." (Obj. at 7.)

---

[2]Petitioner has identified his objections as "claims."

Petitioner's objection is OVERRULED. Petitioner has not identified any specific flaw or error in the magistrate judge's recitation of facts or reasoning. Although Petitioner's general objection fails to provide the required specificity, a *de novo* review supports the conclusions reached by the magistrate judge. Accordingly, this portion of the report is ADOPTED as the opinion of this court.

B. Remaining Claims (Objections 1 through 4)

1. OBJECTION 1

The magistrate judge concludes Petitioner's remaining claims were procedurally defaulted. In his first objection, Petitioner disagrees with the magistrate judge's summary of the law regarding procedural default. Petitioner argues this court must look to the last reasoned state court decision to see if the claims were denied on the merits or on procedural grounds, citing *Abela v. Martin*, 380 F.3d 915, 922-24 (6th Cir. 2004). Petitioner argues the trial court reviewed his post-conviction claims on the merits and did not conclude the claims were procedurally defaulted. Plaintiff reasons the denial of leave to appeal by the Michigan Court of Appeals and Michigan Supreme Court of his post-conviction motion could not therefore be on procedural grounds.

Petitioner's objection is OVERRULED. A *de novo* review of the law reveals that the magistrate judge accurately summarized the standard for procedural default in a habeas petition. Although *Abela* is a published decision, it is an aberration, a departure from the standard for procedural defaults announced in earlier published Sixth Circuit opinions. *Cf. Burroughs v. Makowski*, 202 F.3d 410, 414 (6th Cir. 2002) (outlining how claims may be procedurally defaulted) and *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000) (same). Multiple panels since *Abela*, although all unpublished, have declined to follow the standard for procedural default in *Abela*,

because *Simpson* and *Burroughs* are binding and no *en banc* panel has overruled them. *See Zimmerman v. Cason*, 354 F.App'x 228, 234 (6th Cir. 2009) *Alexander v. Smith*, 311 F.App'x 875, 883-84 (6th Cir. 2009); *McCray v. Metrish*, 232 F.App'x 469, 478 n. 1 (6th Cir. 2007). Accordingly, this portion of the report is ADOPTED as the opinion of this court.

2.  OBJECTIONS 2-4

Petitioner asserts trial counsel was ineffective, the prosecuting attorney engaged in misconduct, and statements he made to the police were improperly admitted at trial. The magistrate judge concludes these claims were procedurally defaulted. The magistrate judge reasons that Plaintiff did not raise either the ineffective assistance claim or his admission of statements claim in his direct appeal. In his post-conviction motion and subsequent appeals, both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal because Plaintiff failed to meet his burden of establishing entitlement to relief under M.C.R. 6.508(D). Plaintiff did raise a claim for prosecutorial misconduct on direct appeal. The magistrate judge reasons, because the instances of misconduct were not objected to during trial, this claim is also subject to procedural default. The court finds this an accurate statement of the facts and the law. Accordingly, the court agrees with the magistrate judge's conclusion that these claims were procedurally defaulted. Petitioner has not established either that the procedural default should be excused or that some fundamental miscarriage of justice would occur for failure to grant the relief he seeks. Accordingly, this portion of the report is ADOPTED as the opinion of this court.

CONCLUSION

Petitioner has not established he is entitled to the relief he seeks. The evidence presented

at his trial was sufficient to convict. Petitioner procedurally defaulted the remaining claims raised

in his petition. Therefore, the petition for writ of habeas corpus is DENIED.


CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ

of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d

900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the

petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that)

the petition should have been resolved in a different manner or that the issues presented were

'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S.

473, 483 (2000)). Courts should undertake an individualized determination of each claim presented

by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*,

551 F.3d 485, 492 (6th Cir. 2009). The court has reviewed the claims raised in the petition for the

purpose of issuing a certificate of appealability. Reasonable jurists would not disagree with this

court's disposition of the issues. When viewed in the light favorable to the prosecution, the evidence

was sufficient to convict Petitioner on both the conspiracy and second degree murder charges. The

remaining claims are subject to procedural default based on precedent binding on this court.

ORDER

For the reasons provided above, **IT IS HEREBY ORDERED:**

1.      The report and recommendation (Dkt. No. 93) is **ADOPTED**, over objections, as the opinion

        of this court.

2.      The petition for writ of habeas corpus is **DENIED.**

3.      A certificate of appealability is **DENIED.**


Date:    May 28, 2010                                        /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             Chief United States District Judge